[No. 6676.  Decided May 27, 1907.]

Elizabeth Ashley, *Respondent*, v. The City of Aberdeen, *Appellant*.[1]

Municipal Corporations—Defective Sidewalks—Contributory Negligence—Evidence—Sufficiency.  There is no evidence of contributory negligence on the part of a pedestrian who fell into an unguarded hole made by the removal of planks in a sidewalk, where there was nothing to contradict her testimony that she was unaware of the condition, the night was dark, and there was no light or guard except a little lumber piled up around the hole, the effect of which would be to cause one to stumble and fall into the hole.

Damages—Personal Injuries—Excessive Verdict.  A verdict for $1,025 for personal injuries received in a fall into an unguarded hole in a sidewalk, resulting in bruises and the breaking of several ribs, will not be set aside as excessive where there was nothing to indicate passion or prejudice.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered October 22, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained through a fall on a defective sidewalk.  Affirmed.

*R. E. Taggart,* for appellant.

*C. W. Hodgdon,* for respondent.

Dunbar, J.—Action for damages for personal injuries. The complaint in this case in substance alleges that, on or about the 20th day of January, 1906, a certain portion of the sidewalk in the city of Aberdeen was in an unsafe condition by reason of the planks of the sidewalk having been removed, thus leaving an opening or hole; that such condition had existed for a considerable period of time prior to the date of the accident; that such hole or opening was left exposed, unfenced and unlighted; that plaintiff had no knowledge or notice of such condition of the walk, and without fault on her part, by passing along the sidewalk at the place mentioned,

[1]Reported in 90 Pac. 210.

was precipitated into the hole or opening, and received various bruises and broken ribs. The answer was a general denial and an affirmative allegation of contributory negligence on the part of the plaintiff. The case was tried by a jury, and a verdict rendered in favor of the plaintiff in the sum of $1,025. At the close of the plaintiff's testimony the defendant moved for a nonsuit upon the ground that the plaintiff was not using reasonable diligence or care, which motion was overruled by the court.

The assignments of error are: first, error in overruling said motion for nonsuit; second, error of the court in refusing to reduce the amount of the verdict. We think the court properly refused the motion for nonsuit. It is not claimed that the city was not negligent in maintaining the walk in the condition in which it was maintained, but the contention is that the respondent was guilty of negligence in falling into the hole in the sidewalk. The testimony of the plaintiff, and there is nothing to contradict it, shows that she was unaware of the condition of the walk, that the night was dark, that there was no light or notice of any kind where the sidewalk was torn up, excepting a little lumber which was piled up around the hole in the sidewalk, the only practical effect of which would be to cause a person to stumble and be precipitated into the hole. This court, in common with all other courts, has uniformly held that the pedestrian has a right to presume that the sidewalk of a city will be maintained in a reasonably safe condition. Acting on such presumption, there is no evidence whatever in this record that the respondent was guilty of contributory negligence. Neither is the amount of the verdict so large, considering the injuries proven, as to raise any presumption of passion or prejudice on the part of the jury.

There being no error apparent in the record, the judgment is affirmed.

Hadley, C. J., Crow, Rudkin, Fullerton, Mount, and Root, JJ., concur.